IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| POLESTAR GA WAYCROSS (PLANT) LLC and POLESTAR LA ALEXANDRIA (JACKSON), LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>BENEFIT STREET PARTNERS REALTY OPERATING PARTNERSHIP, L.P.,<br><br>    Defendant. | Case No.: _____ |

## NOTICE OF REMOVAL

Defendant Benefit Street Partners Realty Operating Partnership, L.P. ("Defendant"), pursuant to 28 U.S.C. §§ 1441 and 1446 and Fed. R. Civ. P. 81, gives notice of the removal of the action captioned *Polestar GA Waycross (Plant), LLC and Polestar LA Alexandria (Jackson), LLC v. Benefit Street Partners Realty Operating Partnership, L.P.*, Cause No. DC-25-07145 (the "State Court Action") from the District Court for Dallas County, Texas, 192nd Judicial District (the "State Court") to the United States District Court for the Northern District of Texas (the "Federal Court"). Removal to the Federal Court is proper pursuant to 28 U.S.C. § 1441 because the State Court Action is pending in Dallas County, which is within this district.

### I.   STATE COURT ACTION

1.   Polestar GA Waycross (Plant) LLC ("Polestar GA") and Polestar LA Alexandria (Jackson) LLC ("Polestar LA"; together with Polestar GA, collectively, "Plaintiffs") filed Plaintiffs' Original Petition (the "Petition") commencing the State Court Action on May 6, 2025.

1

2. Plaintiff asserts claims for fraudulent transfer under Sections 24.005 and 24.006 of the Texas Business & Commerce Code as well as claims for conversion and money had and received. *See* Petition at 4–7.

3. With this Notice of Removal, Defendant removes the State Court Action to this Court on the basis of diversity jurisdiction, as more fully described below.

## II. PROCEDURAL REQUIREMENTS

4. This action is properly removed to this Court because the State Court Action is pending within this district and division. 28 U.S.C. §§ 124(a), 1441(a-b), 1446(a).

5. This removal is timely because it is being filed "within 30 days after receipt by the Defendants, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

6. Pursuant to 28 U.S.C. § 1446(a) and LR 81.1, at the time of this removal Defendant is filing an Index of State Court Records containing a true and correct copy of the entire file from the State Court Action.

7. Pursuant to 28 U.S.C. § 1446(d), with the filing of this Notice of Removal, Defendant is simultaneously (a) serving Plaintiffs with a copy of this Notice of Removal and (b) filing a copy of the Notice of Removal in the State Court Action. A copy of the Notice of Removal filed in the State Court Action is attached hereto as Exhibit A.[1]

## III. DIVERSITY JURISDICTION

8. This Court has diversity jurisdiction in this matter. Where complete diversity exists among parties and the amount in controversy exceeds $75,000, an action may be removed to federal court. 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because (1)

---

[1] Defendant has not included Exhibit 1 to the Notice of Removal filed in the State Court Action because Exhibit 1 is a copy of this Notice of Removal.

2

4898-3942-5351 v.5

Plaintiffs' alleged damages as set forth in the Original Petition are at least $1 million and therefore in excess of $75,000, as required under § 1332(a) and (2) because the State Court Action is among citizens of different States as required under § 1332(a)(1), and no defendant is a citizen of Texas, as required under 28 U.S.C. § 1441(b)(1).

### A. Amount in Controversy

9. The amount in controversy requirement is satisfied here. Where a defendant can show, by the preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *see also St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n. 13 (5th Cir. 1998).

10. A defendant can meet its burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000 or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds the $75,000 requirement. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Greenberg*, 134 F.3d at 1253.

11. It is apparent from the face of the Petition Plaintiffs' claims exceed $75,000. As relief Plaintiffs seek, *inter alia*, recovery of alleged fraudulent transfers in the amount of $1 million and alleged actual damages in the amount of $1 million, along with alleged pre- and post-judgment interest and alleged costs and attorney's fees. Petition at 8. Therefore the amount in controversy requirement has been met.

### B. Diversity of Citizenship

12. Plaintiffs are limited liability companies. The citizenship of a limited liability company is determined by the citizenship of all its members.

4898-3942-5351 v.5

13. Plaintiffs aver in their Original Petition that Polestar GA is a Georgia limited liability company with its principal place of business in the state of Tennessee, and that Polestar LA is a Louisiana limited liability company with its principal place of business in Louisiana. Upon information and belief, which includes a diligent search of public records in the states of Texas, Georgia, Louisiana, and Tennessee, the sole member of each Plaintiff is KJH Holdings, LLC, a Georgia limited liability company with its principal place of business in the state of Tennessee. Upon further information and belief, and based on the same diligence, the sole member of KJH Holdings, LLC, is Karen J. Hutton, an individual citizen of the state of Tennessee. Accordingly, Plaintiffs are not citizens of the state of Texas for the purposes of diversity jurisdiction.

14. Defendant is a Delaware limited partnership with its principal place of business in New York.[2] The citizenship of a limited partnership is determined by the citizenship of all its partners. One hundred percent of the limited partnership interests in Defendant are held by FBRT OP LLC, a Delaware limited liability company with its principal place of business in New York. One hundred percent of the membership interests in FBRT OP LLC are owned by Franklin BSP Realty Trust, Inc. ("FBRT"), a Maryland corporation with its principal place of business in New York. FBRT is also the sole general partner of Defendant. Accordingly, Defendant is not a citizen of Texas and is not a citizen of the same state as Plaintiffs for the purposes of diversity jurisdiction.

15. Because Plaintiffs on the one hand, and Defendant on the other hand, are not residents of the same state, and because no party is a citizen of Texas, complete diversity among the parties exists pursuant to 28 U.S.C. § 1332(a) and (c), and removal is appropriate under 28 U.S.C. § 1441(b).

---

[2] Plaintiffs aver in their Original Petition that Defendant's principal place of business is in the District of Columbia, which is inaccurate.

4898-3942-5351 v.5

16. The undersigned is lead counsel of record for Defendant.

17. Counsel of record for Plaintiff in the State Court Action is:

    Craig A. Albert
    Texas Bar # 00790076
    calbert@texuslaw.com
    Miles Abell
    Texas Bar # 24115988
    mabell@texuslaw.com
    Michael E. Crafton
    Texas Bar # 24125905
    mcrafton@texuslaw.com
    Cherry Petersen Albert LLC
    8333 Douglas Avenue, Suite 700
    Dallas, Texas 75225
    Tel: (214) 265-7007
    Fax: (214) 265-7008

### IV.  RESERVATION OF RIGHTS

18. In filing this Notice of Removal, Defendant does not waive, and specifically reserves, any and all objections as to service, objections to personal jurisdiction, defenses, rights and motions, including, without limitation, the right to seek a transfer of venue.

### V.  REMOVAL

WHEREFORE Defendant removes this action from the State Court to this Court so that this Court may assume jurisdiction over the case as provided by law.

Dated June 9, 2025.

                        [SIGNATURE ON FOLLOWING PAGE]

4898-3942-5351 v.5

NELSON MULLINS RILEY & SCARBOROUGH, LLP

*/s/ Jacob Sparks*
Jacob Sparks
Texas Bar No. 24066126
5830 Granite Pkwy, Suite 1000
Plano, Texas 75024
Tel: (469) 484-4758
Fax: (469) 828-7212
Email: jacob.sparks@nelsonmullins.com

-and-

Lee B. Hart
Adam D. Herring
201 17th Street NW, Suite 1700
Atlanta, Georgia 30363
Tel: (404) 322-6143
Fax: (404) 322-6050
Email: lee.hart@nelsonmullins.com
         adam.herring@nelsonmullins.com

*Attorneys for Benefit Street Partners Realty Operating Partnership, L.P.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Notice of Removal was served upon the following parties/counsel of record on June 9, 2025, in compliance with the Federal Rules of Civil Procedure:

    Craig A. Albert
    Miles Abell
    Michael E. Crafton
    Cherry Petersen Albert LLC
    8333 Douglas Avenue, Suite 700
    Dallas, Texas 75225

                                 */s/ Jacob Sparks*