Case 3:25-cv-01470-L   Document 1-5   Filed 06/09/25   Page 1 of 9   PageID 14

FILED
5/6/2025 3:16 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
ROBIN HOLLAND DEPUTY

1 CIT / ESERVE

CAUSE NO. DC-25-07145

| | | |
|---|---|---|
| **Polestar GA Waycross (Plant), LLC** and **Polestar LA Alexandria (Jackson), LLC,** | § § § § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § § | |
| v. | § § | DALLAS COUNTY, TEXAS |
| **Benefit Street Partners Realty Operating Partnership, L.P.,** | § § § | 192nd |
| *Defendant.* | § § | ____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE COURT:

Plaintiffs Polestar GA Waycross (Plant), LLC and Polestar LA Alexandria (Jackson), LLC (collectively "Polestar") file this Original Petition against Defendant Benefit Street Partners Realty Operating Partnership, L.P. ("Benefit Street") to assert claims for fraudulent transfer, for conversion, and for money had and received, and hereby respectfully shows:

### DISCOVERY LEVEL

1. As required by Rule 190, discovery is intended to be conducted under Level 2.

### RULE 47 STATEMENT

2. As required by Rule 47, Polestar pleads for monetary relief over $1,000,000.

### SUMMARY OF CASE

3. Upon the inducement of Benefit Street, Miller Title wrongfully transferred by wire the sum of $1,000,000 to Benefit Street. These funds were Earnest Money deposited by Buyer with Miller Title in escrow in connection with a transaction to purchase the real property of Polestar as Seller. Upon the default of Buyer, Polestar as Seller was entitled to receive these funds as liquidated damages.

4.      Benefit Street had no connection to the contemplated real estate transaction and no entitlement to these funds. Despite demand, Benefit Street has refused to return the ill-gotten funds. Thus, this lawsuit is necessary.

**JURISDICTION & VENUE**

5.      Jurisdiction is proper in this Court as the amount in controversy exceeds this Court's jurisdictional limit.

6.      Venue is proper is in Dallas County pursuant to § 15.002 of the Texas Civil Practice & Remedies Code; all or a substantial part of the events or omissions giving rise to the claim occurred in Dallas County in part because Miller Title held the Earnest Money in escrow from its office at 310 East I-30, Suite M106C, Garland, TX 75034.

**PARTIES & SERVICE**

7.      Plaintiff Polestar GA Waycross (Plant), LLC is a Georgia limited liability company with its principal place of business at 736 Cherry Street, Chattanooga, TN 37402, which may be served through the undersigned counsel.

8.      Plaintiff Polestar LA Alexandria (Jackson), LLC is a Louisiana liability company with its principal place of business at 501 Louisiana Avenue, Baton Rouge, LA 70802, which may be served through the undersigned counsel.

9.      Herein Plaintiff Polestar GA Waycross (Plant), LLC and Plaintiff Polestar LA Alexandria (Jackson), LLC are collectively referenced as "Polestar."

10.     Defendant Benefit Street Partners Realty Operating Partnership, L.P. ("Benefit Street") is a Delaware limited partnership with its principal place of business at 555 13th Street NW, Washington DC 20004, which may be served by personal service on its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

## FACTUAL BACKGROUND

11. In June and July 2022, Miller Title served in the capacity as Escrow Officer for a particular transaction under a Contract to Buy and Sell Real Property ("Purchase Contract") between Polestar as Sellers and IBF Retail Properties IV, LLC as Buyer ("Buyer") as fully executed on June 6, 2022, and as subsequently amended by the particular First Amendment effective July 8, 2022. The First Amendment had the effect of establishing a Closing Date of July 12, 2022.

12. The Purchase Contract required that Buyer deposit the sum of $1,000,000 as earnest money ("Earnest Money"). Accordingly, Buyer deposited the Earnest Money, which Miller Title received as Escrow Officer for the transaction contemplated by the Purchase Contract. Pursuant to Section 12 of the Purchase Contract, upon Buyer's default and failure to cure, the Earnest Money was to be paid to Sellers as liquidated damages as Seller's sole and exclusive remedy. Even before such default, the Earnest Money funds were to be held in trust for the contemplated real estate transaction.

13. Ultimately, Buyer failed to effectuate the Closing on the Closing Date in accordance with the Purchase Contract. Despite a particular Notice of Default of Contract, Buyer failed to cure the default and the Purchase Contract was deemed terminated. Accordingly, pursuant to the terms of the Purchase Contract, Sellers made demand upon Miller Title for release of the Earnest Money to Sellers, which Miller Title did not fulfill.

14. As revealed through the provision of Miller Title's bank account statements as part of the Section 341 meeting of creditors conducted in this Chapter 7 proceeding of Miller Title as debtor, it is now apparent that on July 8, 2022, Miller Title wrongfully remitted to Benefit Street two wire transfers of the Earnest Money in the total amount of $1,000,000.

15. Such sums together constitute the $1,000,000 amount deposited in trust with Miller Title pursuant to this particular Purchase Contract between Polestar and Buyer.

16. Benefit Street had no legal basis to take the Earnest Money being held in trust for Polestar's real estate transaction with Buyer.

## SUSPENSION OF STATUTE OF LIMITATIONS

17. Pursuant to §16.064 of the Texas Civil Practice & Remedies Code, given the dismissal of Polestar's Adversary Proceeding *without prejudice*, the period between the date of filing of such Adversary Proceeding and the date of this filing in the District Court of Dallas County suspends the running of the applicable statute of limitations for that period given that: (a) because of lack of jurisdiction in the Adversary Proceeding, that action was dismissed; and (b) not later than the 60th day after the date the dismissal becomes final, this action is being commenced in a court of proper jurisdiction.

## CAUSES OF ACTION

**COUNT 1: Avoidance of Fraudulent Transfers Under Section 24.005(a)(1) of the Texas Business & Commerce Code**

18. Polestar repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

19. Miller Title's wire transfers of the Earnest Money to Benefit Street were fraudulent as to a creditor given that Polestar's claim arose before or within a reasonable time after the transfers were made and Miller Title made the transfers with the actual intent to hinder, delay, or defraud a creditor of Miller Title.

20. Such actual intent will be established in consideration of the following and other factors:

    a. the transfer or obligation was concealed;

    b.    before the transfers were made, Miller Title had been sued or threatened with suit;

    c.    Miller Title was insolvent or became insolvent shortly after the transfers were made; and

    d.    the transfers occurred shortly before or shortly after a substantial debt was incurred.

21. Miller Title received nothing from Benefit Street in exchange for the transfers and thus substantially less than reasonably equivalent value.

22. Accordingly, the transfers should be avoided pursuant to Section 24.005(a)(1) of the Texas Business & Commerce Code. In the alternative, Polestar should recover actual damages in the amount of $1,000,000 from Benefit Street.

23. In addition, Polestar is entitled to recover from Benefit Street all costs and reasonable attorney's fees as are equitable and just pursuant to §24.013 of the Texas Business & Commerce Code.

24. All conditions precedent to bringing this action have been performed or have occurred.

**COUNT 2: Avoidance of Fraudulent Transfers Under Section 24.005(a)(2) of the Texas Business & Commerce Code**

25. Polestar repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

26. Miller Title's wire transfers of the Earnest Money to Benefit Street were fraudulent as to a creditor given that Polestar's claim arose before or within a reasonable time after the transfers were made and Miller Title made the transfers without receiving a reasonably equivalent value in exchange for the transfer, and Miller Title:

    a. was engaged or was about to engage in a business or a transaction for which the remaining assets of Miller Title were unreasonably small in relation to the business or transaction; or

    b. intended to incur or believed or reasonably should have believed that Miller Title would incur debts beyond Miller Title's ability to pay as they became due.

27. Accordingly, the transfers should be avoided pursuant to Section 24.005(a)(2) of the Texas Business & Commerce Code. In the alternative, Polestar should recover actual damages in the amount of $1,000,000 from Benefit Street.

28. In addition, Polestar is entitled to recover from Benefit Street all costs and reasonable attorney's fees as are equitable and just pursuant to §24.013 of the Texas Business & Commerce Code.

29. All conditions precedent to bringing this action have been performed or have occurred.

**COUNT 3: Avoidance of Fraudulent Transfers Under Section 24.006 of the Texas Business & Commerce Code**

30. Polestar repeats and re-alleged each and every allegation in the preceding paragraphs as if fully set forth herein.

31. Miller Title's wire transfers of the Earnest Money to Benefit Street were fraudulent as to a creditor given that the transfers were made by Miller Title as to a creditor whose claim arose before the transfers were made and Miller Title made the transfers without receiving a reasonably equivalent value in exchange for the transfers and Miller Title was insolvent at that time or Miller Title became insolvent as a result of the transfers.

32. Accordingly, the transfers should be avoided pursuant to Section 24.006 of the Texas Business & Commerce Code. In the alternative, Polestar should recover actual damages in the amount of $1,000,000 from Benefit Street.

33. In addition, Polestar is entitled to recover from Benefit Street all costs and reasonable attorney's fees as are equitable and just pursuant to §24.013 of the Texas Business & Commerce Code.

34. All conditions precedent to bringing this action have been performed or have occurred.

**COUNT 4: Conversion**

35. Polestar repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

36. Polestar had and has an ownership interest in the Earnest Money.

37. The Earnest Money was personal property subject to conversion given that the money was delivered for safekeeping, intended to be kept segregated, substantially in the form in which it was received or in an intact fund, and not subject of a title claim by its keeper.

38. Benefit Street wrongfully exercised dominion or control over the Earnest Money.

39. Polestar has suffered injury as a result.

**COUNT 5: Money Had and Received**

40. Polestar repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

41. Benefit Street has held money.

42. The money belongs to Polestar in equity and good conscience.

## REQUEST FOR RELIEF

WHEREFORE Polestar GA Waycross (Plant), LLC and Polestar LA Alexandria (Jackson), LLC respectfully request that this Court enter judgment in their favor as follows:

(a) Avoidance of the wire transfers;

(b) Recovery of the avoided fraudulent transfers in the amount of $1,000,000;

(c) Actual damages in the amount of $1,000,000;

(d) Award of Polestar's costs and reasonable attorney's fees as are equitable and just pursuant to §24.013 of the Texas Business & Commerce Code;

(e) Award of Polestar's pre- and post-judgment interest; and

(f) Award to Polestar of such other and further relief as the Court deems proper.

Respectfully submitted,

**CHERRY PETERSEN ALBERT LLC**

By: /s/ *Craig A. Albert*
    Craig A. Albert
    Texas Bar No. 00790076
    Email: calbert@texuslaw.com
    Miles Abell
    Texas Bar No. 24115988
    Email: mabell@texuslaw.com
    Michael E. Crafton
    Texas Bar No. 24125905
    Email: mcrafton@texuslaw.com

8333 Douglas Avenue, Suite 700
Dallas, Texas 75225
(214) 265-7007 Telephone
(214) 265-7008 Facsimile

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Debbie Noah on behalf of Craig A. Albert
Bar No. 790076
dnoah@cplalaw.com
Envelope ID: 100506453
Filing Code Description: Original Petition
Filing Description:
Status as of 5/9/2025 8:39 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Debbie Noah | | dnoah@texuslaw.com | 5/6/2025 3:16:44 PM | SENT |
| Kedrin Iacaboni | | kiacaboni@texuslaw.com | 5/6/2025 3:16:44 PM | SENT |
| Michael E.Crafton | | mcrafton@texuslaw.com | 5/6/2025 3:16:44 PM | SENT |
| Craig Albert | | calbert@texuslaw.com | 5/6/2025 3:16:44 PM | SENT |
| Miles Abell | | mabell@texuslaw.com | 5/6/2025 3:16:44 PM | SENT |