IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| POLESTAR GA WAYCROSS (PLANT) LLC and POLESTAR LA ALEXANDRIA (JACKSON), LLC, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:25-CV-1470-L** |
| BENEFIT STREET PARTNERS REALTY OPERATING PARTNERSHIP, L.P., | § § § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant Benefit Street Partners Realty Operating Partnership, L.P.'s Motion for Judgment on the Pleadings ("Defendant's Motion") (Doc. 8), filed July 9, 2025; and Plaintiffs' Polestar GA Waycross (Plant), LLC and Polestar LA Alexandria (Jackson), LLC's (collectively, "Plaintiffs") Motion for Leave to File First Amended Complaint ("Motion for Leave") (Doc. 12), filed July 30, 2025. After consideration of the Motions, briefs, applicable law, and record, the court **denies** Defendant's Motion and **grants** Plaintiffs' Motion for Leave.

## I.    Background

Plaintiffs filed this action in the 192nd Judicial District Court of Dallas County, Texas, on June 9, 2025. They sued Defendant and alleged: (1) three claims under the Texas Uniform Fraudulent Transfers Act, Sections 24.005(a)(1), 24.005(a)(2) and 24.006 of the Texas Business & Commerce Code; (2) Conversion; and (3) Money had and received. With respect to these alleged claims, Plaintiffs seek actual damages of $1,000,000; avoidance of the wire transfers in question; reasonable attorney's fees and costs; and prejudgment and post judgment interest.

Memorandum Opinion and Order – Page 1

Defendant filed an answer to Plaintiffs' Petition that included a general denial and a number of affirmative defenses.  Defendant asserted as affirmative defenses the following matters:

1.  Plaintiffs' claims are barred in whole or in part under the applicable statute of limitations.
2.  Plaintiffs suffered no concrete harm or damage as a result of any conduct of Defendant such to confer standing to sue Defendant.
3.  Plaintiffs' claims are barred in whole or in part because of Plaintiffs' failure to state a claim or cause of action upon which relief can be granted.
4.  Plaintiffs' claims are barred in whole or in part because if Plaintiffs suffered or sustained any loss, injury, damage, or detriment, the same was directly and proximately caused or contributed to by the intervening acts of others, and not by Defendant.
5.  Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.
6.  Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.
7.  Plaintiffs' claims are barred in whole or in part by the doctrine of laches.
8.  Plaintiffs' claims are barred by the doctrine of acquiescence.
9.  Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.
10. Plaintiffs' claims are barred in whole or in part because Plaintiffs failed and neglected to use reasonable care to protect themselves and to avoid, minimize, and/or mitigate their alleged injury and/or damages, if any exist and are proven.
11. Plaintiffs' claims are barred in whole or in part because allowing Plaintiffs to recover any part of the monetary relief demanded would result in unjust enrichment.

Def.'s Ans. 1-2 (Doc. 1-8).  Defendant also requested that it be awarded reasonable and necessary attorney's fees, as well as costs, and that Plaintiffs take nothing by the action they filed against it. *Id.* at 2.

Defendant removed this action to federal court on June 9, 2025 (Doc. 1), contending that federal jurisdiction exists pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), because there is diversity of citizenship between the parties and the amount in controversy exceeds \$75,000, exclusive of

**Memorandum Opinion and Order – Page  2**

interest and costs. At this time, it appears that the jurisdictional requirements have been met as to diversity of citizenship and the amount in controversy. Accordingly, the court determines that it has subject matter jurisdiction over this action.

## II.    Standard for Dismissal under Rule 12(c)

Any party may move for judgment on the pleadings after the pleadings are closed and when it would not delay the trial. Fed. R. Civ. P. 12(c). "Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply) . . . ." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 at 213 (3d ed. 2004) (footnote omitted). If, however, "a counterclaim, cross-claim, or third-party claim is interposed, . . . the filing of a reply to a counterclaim, crossclaim answer, or third-party answer normally will mark the close of the pleadings." *Id*. (footnote omitted). A "defendant may not move under Rule 12(c) prior to filing an answer." *Id*. at 214.

A motion brought pursuant to Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citation omitted). A court, when ruling on a motion for judgment on the pleadings pursuant to Rule 12(c), applies the same standard as that used for a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Doe v. MySpace, Inc.,* 528 F.3d 413, 418 (5th Cir. 2008) (citation omitted); *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) (citation omitted).

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v.*

*Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).  A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).  While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted).  The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.*  (quotation marks, citations, and footnote omitted).  When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief.  *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.  *Sonnier v. State Farm Mut. Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In ruling on such a motion, the court cannot look beyond the pleadings.  *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).  The pleadings include the complaint and any documents attached to it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429,

**Memorandum Opinion and Order – Page  4**

431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co.*, 313 F.3d at 312. While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way:

> A motion to dismiss for failure to state a claim concerns the formal sufficiency of the statement of the claim for relief, not a lawsuit's merits. So when reviewing such a motion, we assume that the facts the complaint alleges are true and view those facts in the light most favorable to the plaintiff. The complaint survives if it contains sufficient factual matter . . . to state a claim to relief that is plausible on its face.

*Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 582 (5th Cir. 2020) (citations and quotation marks omitted). Accordingly, the denial of a Rule 12(b)(6) motion has no bearing as to whether a plaintiff

**Memorandum Opinion and Order – Page 5**

ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge.

## III.   Discussion

### A.  Defendant's Motion

Defendant fails to follow the requirements of Local Civil Rule 7.1(i) of the Northern District of Texas.  This Rule provides as follows:

(i)      Requirement of Appendix; Appendix Requirements

(1)      A party who relies on materials—including depositions, documents, electronically stored information, affidavits, declarations, stipulations, admissions, interrogatory answers, or other materials— to support or oppose a motion must include the materials in an appendix.

(2)      The appendix must be assembled as a self-contained document, separate from the motion, response, reply, and brief.

(3)      Each page of the appendix must measure 8½ x 11 inches. Non-documentary materials (e.g., videotapes and other physical materials) and oversized materials (e.g., maps and schematic drawings) that are included in the appendix must be placed in an envelope that measures 9 x 12 inches.

(4)      Each page of the appendix must be numbered legibly in the lower, right-hand corner. The first page must be numbered as "1," and succeeding pages must be numbered sequentially through the last page of the entire appendix (i.e., the numbering system must not re-start with each succeeding document in the appendix). An envelope that contains non-documentary or oversized materials must be numbered as if it were a single page.

Defendant's Motion contains no appendix.  The failure to include an appendix is a clear violation of this Local Civil Rule.  It is not incumbent upon the court to scour the record or go to outside sources to analyze and rule on a motion.  Everything needs to be in one place, and this is why an appendix is so important.  For example, the court may take judicial notice of matters in public records as is set forth in the Rule 12(c) standard; however, this Local Civil Rule requires the material relied on to be set forth in an appendix.  Defendant did not do this; instead, it pointed

**Memorandum Opinion and Order – Page  6**

to and cited records from other courts.  To facilitate the court's review of public documents of which a court may take judicial notice, the public documents must be included in an appendix. The failure is a grave error on Defendant's part, and the court will not countenance it.  When a party does not follow the rules of the court, such failure unnecessarily consumes scarce judicial resources, causes counsel to expend additional resources, and delays the determination of critical issues in the case.  The documents must be readily available for the court to examine to determine whether they actually are public records of which the court may take judicial notice.  If Defendant wishes the court to consider its Motion, the Motion must be refiled.

Second, the court questions whether a Rule 12(c) motion is the most expeditious way to resolve this case.  A review of the issues in this case may not be subject to quick disposition as Defendant contends.  The court really does not have enough information to ascertain whether all is as Defendant contends.  This is not to say that Defendant may not prevail on some or even on all of its affirmative defenses; however, at this stage, what is presented to the court is simply too slender a reed for the court to conclude that Defendant will prevail on its affirmative defenses.  For example, issues decided by other courts may not be binding on this court.  That remains to be clarified, discussed, and explored.

The court does not try cases in a piecemeal fashion, as such an approach unnecessarily delays the resolution of the case.  In this vein, the court has the impression that it has not heard the full story from the parties, and judicial economy is not served if a court makes an injudicious ruling.

For all of these reasons, the court will deny without prejudice Defendant's Motion and allow it to refile the Motion once Plaintiffs have amended their pleadings.  So that there is no misunderstanding, what the court said about Defendant not filing an appendix also applies to

**Memorandum Opinion and Order – Page  7**

Plaintiffs. Plaintiffs did not file an appendix either.  Defendant was mentioned first because it filed the First Motion and did not file an appendix.  Both parties must comply with the Local Civil Rules of the Northern District of Texas.

### B.  Plaintiffs' Motion for Leave

Plaintiffs have requested leave to file a first amended complaint.  Plaintiffs contend that they seek to amend, not to introduce new facts, but to restate "existing claims with greater specificity and in conformity with federal pleading standards, assert [] two new claims, and assert[] an affirmative defense to the recently asserted limitations defense" asserted by Defendant. Defendant opposes Plaintiffs' Motion for Leave.

The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states, "[t]he court should freely give leave when justice so requires" is not without limitation. Fed. R. Civ. P. 15(a)(2). The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

When a plaintiff has previously amended its pleadings, "[a]t some point, a court must decide that a plaintiff has had a fair opportunity to make [its] case; if, after that time, a cause of

**Memorandum Opinion and Order – Page 8**

action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986); *see also Schiller*, 342 F.3d at 567 (citation omitted).

Plaintiffs' situation is markedly different from that of the plaintiffs in *Schiller* and *Jacquez*. The parties in these two cases had amended their pleadings multiple times before the same court. Plaintiffs have not amended their pleadings before this court, and the court agrees that Plaintiffs' current pleading is rather threadbare. Further, Defendant suffers no legal prejudice because it will have the opportunity to file another dispositive motion to the amended pleading if it so desires. Additionally, there is no repeated failure on Plaintiffs' part to cure deficiencies previously identified by the court. Finally, no scheduling order has been issued in this case, although one will be issued in the near future. When the court issues a scheduling order, its sets a deadline for amendment of pleadings and for adding parties to the litigation. Thus, it is premature and unrealistic for the court to deny the parties leave to amend their pleadings. Under these circumstances, justice requires that Plaintiffs be allowed another opportunity to plead their case consistent with the law as set forth in the court's opinion.

## IV. Conclusion

For the reasons herein stated, the court **grants** Plaintiffs' Motion for Leave (Doc. 12), and **denies** Defendant's Motion for Judgment on the Pleadings (Doc. 8). Accordingly, the court **directs** the clerk of court to file Plaintiffs' First Amended Complaint (Doc. 12-1) as part of the record in this case. Also, the court will send out a Status Report Order later this week.

**It is so ordered** this **31st** day of **March, 2026**.

_____
Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 9**